8198

LOWRY v. ATLANTIC COAST LINE R. R. CO.

GEDDINGS v. SAME.

LOWRENCE v. SAME.

APPEALS DISMISSED BY THE CLERK reinstated on terms because of the sudden illness of the attorney in charge upon whom other attorneys interested were relying to prepare the appeals or get extensions. The Court thinks pressure of business is not a sufficient excuse for delay, as it is duty of clients to employ sufficient counsel to have their business prepared according to the rules of Court.

Motions in this Court to reinstate the appeals in E. A. Lowry against Atlantic Coast Line Railroad Company; Henry R. Geddings against Same; and Shelly Lowrence against Same.

*Messrs. J. W. McLemore* and *Mark Reynolds,* for the motion.

*Messrs. J. H. Clifton* and *L. D. Jennings,* contra.

April 30, 1912. PER CURIAM. The appeals in the three cases above stated were dismissed by the clerk under rule 7 of this Court, for failure to serve the printed cases. The appellants now move to reinstate the appeals on affidavits alleging that the failure to print and serve the cases was due to excusable neglect, the specific excuse set out being

the illness of Mr. Reynolds, one of defendant's counsel. The Court is unanimous in the opinion that great indulgence was extended by counsel for plaintiffs, and that counsel for defendants, other than Mr. Reynolds, ought to have acted with more diligence. The pressure of other business is not a satisfactory excuse for the failure to have appeals ready for a hearing, for it is the duty of litigants to employ as many counsel as may be necessary to comply with the rules of Court in preparing their appeals. ·

The excuse that one of the counsel was ill would not be received if the illness had not come with suddenness at a time when counsel absent from Sumter was relying on Mr. Reynolds to apply for an extension of time by motion before one of the Judges.

By a bare majority the Court has concluded to reinstate the appeals on the conditions that the defendant pay, in each of the cases, to counsel for respondents the sum of twenty-five dollars for costs and expenses within ten days from this date; that the defendants serve on plaintiff's counsel the printed cases and exceptions within ten days, and that the causes be docketed for hearing at this term at the foot of any calendar that the plaintiff's counsel may select.

And it is so ordered.